ANASTACIA ESCALERA, Plaintiff and Appellant, *v.* MARCELINO ANDINO FLORES ET AL., Defendants and Appellees.

No. 11201. Argued March 1, 1954.—Decided March 29, 1954.

*Virgilio Brunet, José R. Vélez Torres* and *Luis Miranda Correa* for appellant. *Enrique Igaravídez* and *Juan Figueroa Rivera,* attorneys for the first and for the latter two appellees, respectively.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is a motion to dismiss as frivolous the appeal taken in the instant case, since the only error assigned is that the lower court held that the action of filiation had prescribed because it was not brought within one year after the death of the natural father, as revealed by the record of the case.

According to § 126 of the Civil Code of Puerto Rico, actions for the recognition of natural children shall only be established during the lifetime of the presumptive parents, or a year beyond their death, except if the father or the mother shall have died during the minority of the child, in which case the child may bring his action before the first four years of his having attained majority, or if after the death of the father or mother there shall appear a written document of which no notice was previously had, wherein the child is expressly recognized. In this case the action shall be established within the next six months after the document has been discovered.

There is no doubt that in the instant case plaintiff is a presumptive natural daughter, of full age, seeking to establish her filiation within one year from the death of her alleged natural father. The complaint alleges that the father died on September 17, 1951, and the record discloses that the action was brought on September 18, 1952. The question for decision is whether the action of filiation had prescribed because it was filed after the year provided by § 126 of the Civil Code of Puerto Rico for such actions.

■■ Section 8 of the same Code provides in its preliminary title dealing with the general rules for its application, that "If in the laws, months, days, or nights are referred to, it shall be understood that the months consists of thirty days, the days of twenty-four hours, and the nights from the setting to the rising of the sun; if the months are referred to by name, they shall be computed by the number of days which they respectively contain." Commenting on § 7 of the Spanish Civil Code, which is exactly the same as § 8 of our

Code, Manresa says: "The Code does not speak of years, but applying the principle on which its § 7 is inspired, it seems that the year must be computed as comprising twelve natural months and consisting of 365 days, unless the law or the agreement referred to a particular year and the same is a leap year. Lastly, it is well to note that a broad interpretation should be placed upon this Section as not referring exclusively to the laws but to all provisions of an analogous nature." 1 Manresa 150 (*Instituto Editorial Reus*, 6th ed., 1943).

On this same point Scaevola says: "This section deals with the three different lapses of time to which the laws may refer: months, days and nights. There is no question on the first two, although it establishes a distinction between months according to whether or not they are designated by their names. In such case, they are computed by the number of days which the month or months in question respectively contain; if other than 30 days, whichever is the number of days comprised in the month. As respects the night, the same shall mean the time elapsed from the setting to the rising of the sun. The fact that it is nighttime may be easily ascertained, but it might perhaps be necessary to set forth in a document the exact time of the setting and rising of the sun, in which case resort must be had to the calendar. The Code is silent on this point as well as on the year, of which no mention is made therein. In the first instance, the official calendar is deemed to be the Gregorian calendar, which is generally accepted and to which reference is made in § 60 of the Code of Commerce; in the latter instance, that all years are not of the same duration, it being known that the leap year is of greater duration, for reasons identical with those already set forth, the legal type and standard year in any possible controversy shall be deemed to be the year consisting of 365 days." 1 Scaevola 267, 268 (*Instituto Editorial Reus*, 6th ed., 1949).

Likewise, § 91 of our Code of Commerce, which is equivalent to § 60 of the Spanish Code of Commerce, provides that: "In all computations of days, months, and years, a day shall be understood to mean twenty-four hours, months shall be computed as designated in the Gregorian calendar, and years shall be understood to mean three hundred and sixty-five days. Such cases as are otherwise provided for in this Code or in special laws are excepted."

We should also take into consideration § 388 of the Political Code of Puerto Rico, which provides: "The time in which any act is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

There is no doubt that the calendar used by the people of Puerto Rico is the calendar introduced by Pope Gregory XIII in the year 1582, generally known as the Gregorian calendar, to which every four years, with the exception of the last year of each century whose number of hundredths is not a multiple of four, there is added in the month of February one day to the regular year, the regular year being therefore of 365 days and the leap year of 366 days. It is easy for a Puerto Rican to recognize the quadrennial periodicity of the leap year, for it coincides with the general elections held in our country.

The last provision of § 8 of our Civil Code providing that if the months are referred to by name, they shall be computed by the number of days which they respectively contain, may apply to any legal issue where a legal period is to be computed as of a given date. In reckoning as of a given date, we must be aware of the number of days each subsequent month respectively contains, according to the Gregorian calendar, in order to know the day, month and year when a legal period exactly expires. In the case of a leap year, there is no question that there must be added one day to the regular year of 365, for which reason the computation must be made

on the basis of 366 days and not 365 days, that being the reality of the four-year Gregorian period.

Our decisions have so far established a prescription period of one year, consisting of 365 days, for damages in civil actions. *Ortiz* v. *American Railroad Co.*, 62 P.R.R. 171, 177, 178 (De Jesús, 1943) ; *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330, 333 (De Jesús, 1946). There is no doubt that this rule may apply to the prescription period of one year provided in § 126 of the Civil Code of Puerto Rico for actions of filiation brought by a child of legal age. However, the allegation before us as to leap year has not been decided yet in our jurisdiction. In *Ortiz* v. *American Railroad Co.*, *supra*, the period under consideration by this Court was from May 5 or 6, 1938 to May 5, 1939. None of these years was a leap year. In *Sánchez* v. *Cooperativa Azucarera*, *supra*, the period under consideration by this Court was from May 1, 1943 to April 28, 1944, the latter being a leap year, but, evidently, since it was there alleged that the prescription period was 360 days and not 365 days, the Court was not called upon to decide the specific question of the leap year. This point must be decided in the instant case.

Proceeding from the last provision of § 8 of our Civil Code providing that if the months comprised within the period are determinable as independent units, they shall be computed by the days which they respectively contain, and considering the application of the Gregorian four-year period to our country for leap years, we adopt the local rule that legal year shall consist of 365 days, provided it is not a leap year, and of 366 days if the month of February of a leap year is comprised within the period.

Applying the principle of excluding the first and including the last day established by § 388 of the Political Code of Puerto Rico, and assuming that we are concerned with a computation of determinable months, within a period comprising a leap year, it follows that from September 17, 1951 until September 18, 1952 (the latter being a leap year), the

computation of the prescription period would show the following result: September 1951: 13 days; October 1951: 31 days; November 1951; 30 days; December 1951: 31 days; January 1952: 31 days; February 1952: 29 days; March 1952: 31 days; April 1952: 30 days; May 1952: 31 days; June 1952: 30 days; July 1952: 31 days; August 1952: 31 days; September 1952: 18 days, total: 367 days. Consequently, the action, whether it involves a legal regular year or a legal leap year, had prescribed especially since September 18 is not a holiday and does not have to be excluded.

The appeal taken will be dismissed.